RECEIVED

SEP 0 7 2005

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| JOHN R. TROOST | CIVIL ACTION NO. 05-0161 |
| VERSUS | JUDGE DOHERTY |
| UNITED STATES POST OFFICE, ET AL | MAGISTRATE JUDGE HILL |

## MEMORANDUM RULING

Pending before this Court is a Motion to Dismiss or, in the Alternative, for Summary Judgment filed on behalf of the defendant. The defendant seeks the dismissal of all of the plaintiff's claims herein. The motion is opposed. For the following reasons, the motion will be denied as premature at this time.

Preliminarily, the Court notes that this action is being prosecuted by Mr. Troost on his own behalf. It is apparent that, the amount in controversy being so small, hiring counsel would be extremely difficult, if not impossible. When a claim is prosecuted *pro se*, the Court is obligated to liberally construe the pleadings filed by the non-lawyer and to refrain from holding him to the same standards of knowledge and presentation normally imposed upon counsel. *See, e.g.,* Haines v. Kerner, 404 U.S. 519, 92 S.Ct 594 (1972); Barksdale v. King, 699 F.2d 744 (5th Cir. 1983). Although this Court will not needlessly prejudice the interests of the United States, it nonetheless will endeavor to avoid having the details and minutiae of prosecuting a case in federal court trip up Mr. Troost unnecessarily.

## FACTS

Mr. Troost filed a Small Claims Petition in the Fifteenth Judicial District Court for the Parish

of Vermilion, State of Louisiana, in which he alleged the following. He was in possession of a family heirloom one-carat diamond ring which was over 100 years old and which had belonged to his mother. On or about August 7, 2004, Mr. Troost sent the ring to his sister, Arlene Sutherland, *via* the United States Postal Service, declaring that the value of the ring was $3,000.00 and purchasing from the USPS insurance in that amount against the ring's loss. Several days later, the package from Mr. Troost, emptied of its contents, was placed in Ms. Sutherland's mail box. No postal employee obtained any signature by Ms. Sutherland or anyone else at her home, as is required for the delivery of insured items.

Mr. Troost filed an insurance claim form (PS Form 1000) with the United States Post Office in Abbeville, Louisiana, seeking reimbursement of the declared value of the ring, $3,000.00. The rules which apply to claims such as those presented by Mr. Troost are found in the Domestic Mail Manual [the "DMM"], a document in excess of 1700 pages long and accessible on the Internet. The USPS denied Mr. Troost's claim, stating that he had not provided proper documentation of the value of the lost ring, and giving him 30 days to produce evidence considered sufficient to support his claim. When Mr. Troost did not provide the additional evidence requested by the USPS, the agency sent him a check in the amount of $500.00, a figure chosen by the agency and which reflected neither the amount he claimed he had lost nor an amount actually supported by evidence in the administrative record. The Postal Service claims the $500.00 check represents a tender of compromise of Mr. Troost's claim.

## I.   SERVICE OF PROCESS

Pursuant to Rule 4(i) of the Federal Rules of Civil Procedure, service of a complaint upon the United States requires the delivery of a copy of the summons and the Complaint to (a) the

Attorney General for the United States of America; (b) the United States Attorney for the district in which the action is brought (in this case, the Western District of Louisiana); and (c) the specific agency whose action is being challenged. Fed. R. Civ. Proc. 4(i). The record herein does not contain evidence that Mr. Troost has served either the United States Attorney for the Western District of Louisiana nor the Attorney General of the United States of America. The United States moves for dismissal of Mr. Troost's claim immediately for failure to comply with Rule 4(i). The motion is well-founded and Mr. Troost's claims will be dismissed if he does not effect proper service upon the United States in accordance with the orders of this Court.

## II.   TORT AND CONTRACT CLAIMS

The United States seeks dismissal of any tort and/or contract claims Mr. Troost might have asserted in this matter. However, inasmuch as there is no indication in his Small Claims Petition that Mr. Troost intended to assert any claim pursuant to the Federal Tort Claims Action or any contract claim (other than for the insurance coverage he purchased through the Postal Service), these arguments are premature and will be denied at this time without prejudice to the United States' ability to re-urge its motion in the event that any such claims are proven to have been asserted herein.

## III.   EXHAUSTION OF ADMINISTRATIVE REMEDIES

The United States argues that Mr. Troost has not exhausted all available administrative remedies and, therefore, that his claim should be dismissed.[1] The United States correctly states the general proposition that full administrative exhaustion is a prerequisite to the filing of a judicial

---

[1]    The Court notes that the copy of the excerpts of the DMM attached to the Government's motion appear to have been contained in the January 5, 2005 issue of the Manual, a date *after* Mr. Troost's claim had been denied. In the absence of some indication that the current DMM is identical to that which was in effect when Mr. Troost filed his claim, the submitted copies of the DMM excerpts are irrelevant.

claim for relief. However, there are several exceptions to the general exhaustion requirement and one specifically applies to those circumstances when further administrative review would be futile. Garner v. United States Department of Labor, 221 F.3d 822, 825 (5th Cir. 2000); Chailland v. Brown & Root, Inc., 45 F.3d 947, 950-51 (5th Cir. 1995).

The evidence which has been presented by the United States in support of its motion demonstrates that the Postal Service *itself* did not follow the administrative rules it now invokes. According to the United States, the DMM does not authorize the payment of insurance claims in excess of $100.00 in value except upon the presentation of certain types of proof. Despite the absence of such evidence, the USPS nonetheless attempted to pay Mr. Troost $500.00. Moreover, the United States has taken the position in this case that the Postal Service properly adjudicated Mr. Troost's claim. In light of the evidence and argument which have already been presented herein – both of which suggest that the matter was final, as a practical matter, before Mr. Troost ever filed his claim – the futility of further administrative appeals would appear to be self-evident. The Government's objection to Mr. Troost's failure to exhaust his administrative remedies is overruled.

## IV.  PROPER ADJUDICATION OF THE PLAINTIFF'S CLAIM

Finally, the United States argues that the Postal Service properly adjudicated Mr. Troost's claim, suggesting that the issuance of a check to him in the amount of $500.00 was adequate under the circumstances. However, according to the affidavit of James A. Perdew attached as an unnumbered exhibit to the defendant's memorandum in support of its motion:

- Mr. Troost did not provide any evidence as to the value of the ring other than his personal statement;

- personal statements are not deemed acceptable evidence as to the value of lost items

over the amount of $100.00;

- the Postal Service rejected Mr. Troost's claim because he had not provided "acceptable evidence" as to the value of the lost ring; and

- Mr. Troost has yet to provide the Postal Service with "acceptable evidence" concerning the value of the lost ring.

Notwithstanding all of the above, the Postal Service sent Mr. Troost a check in the amount of $500.00. The defendant has not provided any explanation for why this particular amount was chosen, simply declaring that it constitutes a good faith effort to settle Mr. Troost's claim. In the absence of any indication to the contrary, $500.00 seems to be an amount chosen arbitrarily by the Postal Service and not a good faith interpretation of the evidence presented by Mr. Troost (which was for $3,000.00 and, in any event, had been rejected as inadequate).

As the payment of $500.00 to Mr. Troost under the circumstances described herein does not appear to reflect an evaluation of the evidence presented appears to Postal Service, but a unilateral and unsupported determination that $500.00 represents a good settlement of Mr. Troost's claim, this Court cannot conclude that the issuance of a check in that amount reflects a "proper adjudication" of Mr. Troost's claim. The Government's argument is overruled.

## CONCLUSION

For the foregoing reasons, the defendant's motion will be granted in part and denied in part. Mr. Troost will be ordered to serve the United States properly or have his claim dismissed in its entirety. The parties will be ordered to attend a status conference in Chambers on Friday, September 16, 2005 at 10:00 a.m. At that time, Mr. Troost will be given a deadline by which he must complete service of process in this matter. Additionally, the parties should be prepared to discuss the further

handling of this matter and possibility of resolving Mr. Troost's claim amicably.

Lafayette, Louisiana, this ___6___ day of September, 2005.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

COPY SENT by fax
DATE 9.8.05
BY mb
TO Kiner
Troost